104395-5/13555333

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MIRTA GAUTIER,

      Plaintiff,

vs.

BJ'S WHOLESALE CLUB, INC.,

      Defendant.

_____/

**CASE NO.**

STATE COURT CASE NO.
2022-CA-000196

## <u>NOTICE OF REMOVAL OF CIVIL ACTION</u>

Defendant, BJ's Wholesale Club, Inc. ("BJ's"), by and through its undersigned counsel and pursuant to M.D. Fla. L.R. 1.06 and 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this case from the Circuit Court of the Eighteenth Judicial Circuit in and for and Seminole County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.  In support of this Notice, this Defendant states:

## I. INTRODUCTION

This case arises from an incident wherein the Plaintiff was allegedly "struck by the automated doors" as she entered this Defendant's store, on or around June 2, 2020.  See complaint at ¶ 9.

Plaintiff's Complaint asserts a claim for ordinary negligence against BJ's. BJ's was served with a Summons and a Copy of the Complaint on January 28, 2022. This Defendant served its Motion to Dismiss on February 17, 2022, and propounded initial discovery on Plaintiff, in the form of a Request for Admission, Request to Produce, and First Set of Interrogatories on that same date.

Prior to filing the Complaint, on October 6, 2020, Plaintiff served a demand on Defendant in the amount of Three Hundred Fifty Thousand Dollars and 00/100 ($350,000.00). A copy of the pre-suit demand letter is attached hereto as **Exhibit "A"**.

Because only a limited number of medical records were provided by Plaintiff in conjunction with the demand, Defendant received little information regarding Plaintiff's alleged injuries or damages prior to the filing of the Complaint. Specifically, no additional medical records or bills have been provided by Plaintiff since the pre-suit demand.

Pursuant to both Florida and Federal law (HIPAA), the Defendant was prohibited from speaking with any of Plaintiff's treating physicians as a means of evaluating the potential damages exposure in this case. Further, because Plaintiff was and is represented by counsel, Defendant was forbidden from speaking with Plaintiff concerning her damages. As such, at the time the Complaint was filed, the amount in controversy was almost solely within the knowledge of the Plaintiff,

with the exception of the pre-suit demand requesting a sum in excess of the jurisdictional amount.

The Plaintiff's Complaint alleged damages as follows: "pain and suffering, disability, disfigurement, permanent and significant scaring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of previous existing conditions." Plaintiff herself describes these losses as "permanent or continuing" and avers that she will continue to endure losses in the future. See Complaint at ¶10.

Therefore, it is believed, more likely than not, Plaintiff's claim for damages in this matter, exclusive of interest and costs, exceeds $75,000.00. Furthermore, it is believed that all parties are diverse. Therefore, as discussed *infra*, this Defendant wishes to remove this matter pursuant to the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1446(a) and M.D. Fla. L.R. 1.06(b), copies of all papers served on or by BJ's docketed in the state court action are attached as **Exhibits "B"**-"**M**".

## II. LEGAL STANDARD AND ANALYSIS

Federal courts are courts of limited jurisdiction: they possess only that power authorized by the Constitution and by statute.  Kokkonen v. Guardian Life

<u>Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994) (citations omitted). Federal district courts have original jurisdiction over civil actions brought in diversity, in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.  28 U.S.C. § 1332(a). Federal district courts also have original jurisdiction "of all civil actions arising under the Constitution, law, or treaties of the United States."  28 U.S.C. § 1331. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."  <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6 (2003).

   This Defendant invokes this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 as BJ's is incorporated in the State of Delaware and has its principal place of business in Westborough, Massachusetts. <u>See</u> 2021 Foreign Profit Corporation Amended Annual Report, filed on September 20, 2021 by BJ's Wholesale Club, Inc., attached hereto as **Exhibit "N"**; <u>see also</u> 2020 Foreign Profit Corporation Annual Report, filed on April 9, 2020 by BJ's Wholesale Club, Inc., attached hereto as **Exhibit "O"**.  According to the Complaint, Plaintiff is a citizen of Seminole County, Florida.  <u>See</u> Complaint at ¶2**.** Further, based upon the categories of damages pled within the Complaint, and the pre-suit demand made by plaintiff, as discussed below, Defendant believes it is readily apparent that Plaintiff's claim for damages, exclusive of interest and costs, exceeds $75,000.00.

Pursuant to 28 U.S.C. § 1446:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

. . .

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the Defendant, through service or otherwise, of a copy of an amended pleading, motion, or order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(1) & (b)(3).

As stated, service of process of Plaintiff's Complaint on BJ's was had on January 28, 2022. Plaintiff commenced this action on January 26, 2022 by averring a claim for damages that exceeded Thirty Thousand Dollars ($30,000.00). See Complaint at. ¶1. Upon receiving Plaintiff's Complaint, a copy of which is included in the State Court Documents filed herewith,  Defendant attained a good faith belief that the amount in controversy more probably than not exceeds $75,000, and immediately began proceeding with this notice. Therefore, this removal is timely pursuant to 28 U.S.C. § 1446(b).

Venue exists in the Middle District of Florida, Orlando Division, because the Circuit Court for Orange County, Florida, is within the Orlando Division.  See

M.D. FLA. L.R. 1.04(a).   Written notice of the filing of the Notice of Removal will be promptly served on Plaintiffs' counsel, and a copy will be promptly filed with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, pursuant to 28 U.S.C. § 1446(d).

### A. Diversity of Citizenship Exists

"Diversity jurisdiction must exist at the time an action is filed."  Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1203 (M.D. Fla. 1991), *aff'd sub nom.,* Las Vistas Villas v. Petersen, 13 F.3d 409 (11th Cir. 1994).   The party asserting the existence of diversity jurisdiction bears the burden of pleading the existence of that jurisdiction, and if diversity jurisdiction is challenged, that party also bears the burden of establishing jurisdiction by a preponderance of the evidence. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002).   Ultimately, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).

For purposes of determining entity diversity, a corporation is considered a citizen of the state where it has been incorporated and of the state in which it has its principle place of business.  28 U.S.C. § 1332(c)(1).  In Hertz Corp. v. Friend, 559 U.S. 77, 80-81 (2010), the Supreme Court explained that a corporation's principal place of business means the nerve center of the corporation, which will typically

be found at the corporation's headquarters.  There, two California citizens sued Hertz in California state court for alleged violations of California's wage and hour laws.  Id. at 81.  When Hertz removed the action to federal court, both the district court and Ninth Circuit Court of Appeals found that removal was improper, concluding Hertz was a citizen of California because that was where the plurality of its relevant business activities occurred.  Id at 83.

To resolve a conflict regarding application of the "nerve center test" versus "total activity test," the Supreme Court granted *certiorari* and held that the "place where the corporation maintains its headquarters . . . i.e., the nerve center" is the appropriate test for analyzing the citizenship of corporate defendants.  Id. at 93.  Thus, despite doing a substantial amount of business in California, the Supreme Court concluded that in addition to the state of incorporation, Hertz was also a citizen of New Jersey, where its headquarters was located.  Id.

Turning to the issue of citizenship of individuals, courts look to a party's domicile, or the place "a person calls home." Brown v. Mutual of New York Life Ins. Co., 213 F. Supp. 2d 667 (S.D. Miss. 2002). Importantly, the Middle District has noted that, "[i]n determining domicile, a court should consider both positive evidence and presumptions." Jones v. L. Firm of Hill and Ponton, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). The Court also notes that it is a well-established rule that a party's current residence is prima facie evidence of her domicile. Estate of

Cochran by & through Pevarnek v. Marshall, 2017 WL 5899200, at 3 (M.D. Fla. Nov. 30, 2017) (citing Deckers v. Kenneth W. Rose, Inc., 592 F. Supp. 25, 28 (M.D. Fla. 1984)). Furthermore, public information such as voter registration, driver's license, deed, location of real property, etc. can fully support a finding of an individual's citizenship/domicile for purposes of a Diversity Jurisdiction analysis. See Smyth v. Hillstone Rest. Grp., Inc., 2013 WL 2048188, at 2 (S.D. Fla. May 14, 2013).

As alleged in the Plaintiff's Complaint, the parties in this case are of diverse citizenship. Plaintiff is a citizen of the State of Florida, residing in Seminole County, Florida. See Complaint at ¶2. Pursuant to Plaintiff's Florida Identification Card provided by Plaintiff to BJ's during the initial claim investigation process, her address is 4127 Geranium Lane, Apt. 211, Sanford, FL 321771, confirming the allegations within the Complaint that Plaintiff resides in and is in fact a citizen of Seminole County, Florida. See Copy of Plaintiff's Florida Identification Card, attached hereto as **Exhibit "P".** This is further reinforced by Plaintiff's alleged medical billing records from FL-I Medical Services, Sheridan Radiology Services of Central Florida, and Sterling Medical Group, all of which show her address is 4127 Geranium Lane, Apt. 211, Sanford, FL. See Copies of Plaintiff's alleged medical billing records, attached hereto as **Composite Exhibit "Q".** Finally, on January 13, 2022, Mirta Gautier signed her name to a court summons to appear in

Seminole County Court for a separate matter. On this summons, her address is listed as 4127 Geranium Lane, Apt. 211, Sanford, FL 321771. See Copy of the court summons, attached hereto as **Exhibit "R".**

As stated earlier, BJ's is incorporated in Delaware and has its principal place of business in Westborough, Massachusetts.   See **Exhibits "N" and "O".** Accordingly, for diversity purposes, BJ's is solely a citizen of Massachusetts, while Plaintiff is a citizen of Florida.  See Complaint at ¶2.  As such, there is complete diversity among the parties in this matter.

**B. The Amount in Controversy Exceeds $75,000**

Regarding the quantitative amount in controversy requirement, "when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir.2001) (citing Snyder v. Harris, 394 U.S. 332, 334 (1969)).  Today, the threshold amount in controversy for diversity jurisdiction, excluding interest and costs, is that which exceeds $75,000.  28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]").

Plaintiff's Complaint contains an unspecified demand for damages in excess of $30,000.  See Complaint at ¶1.  Where, as here, the jurisdictional amount is not

expressly alleged, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); see also Roe v. Michelin N. America, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010); Lowery v. Ala. Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007) (holding that jurisdiction is proper where "the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them").  A court may also consider the removal notice and post-removal evidence concerning the amount in controversy.  See Id. at 1213.

When a plaintiff seeks "some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement, the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006).

District courts need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 770 (11th Cir. 2010). Further, "[a] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Id. at 754. In conducting this analysis, "courts may use their judicial experience and common

sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." <u>Roe,</u> 613 F.3d at 1062.  As one district court explained, "[c]ertain injuries are by their very nature so substantial as to make it readily apparent that the amount in controversy requirement is satisfied." <u>See</u> <u>Sanderson v. Daimler Chrysler Motor Corp.,</u> 2007 WL 2988222, at *1 (S.D. Ala. Oct. 9, 2007).

Of note, in the <u>Sanderson</u> case, the Complaint alleged that "Theresa Sanderson has experienced 'serious and permanent disfigurement to her face and body." <u>Id.</u> at 2. The Court went on to note that such an allegation was sufficient to meet the defendant's burden of establishing that the amount in controversy more likely than not exceeded $75,000. <u>Id.</u>

Accordingly, this Defendant must prove by a preponderance of the evidence that based on the information contained therein, the amount in controversy more likely than not exceeds the requisite jurisdictional amount.  <u>Tapscott v. MS Dealer</u> <u>Serv. Corp.,</u> 77 F.3d 1353, 1356–57 (11th Cir. 1996) (recognizing "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement."), *abrogated on other grounds by* <u>Cohen v. Office Depot, Inc.,</u> 204 F.3d 1069, 1072 (2000).

The preponderance of the evidence standard is clearly met in this case.  As a result of the accident, Plaintiff claimed in her pre-suit demand letter that she suffered cervical disc herniations and multiple ligament and tendon tears in her right shoulder.  See **Exhibit "A."** She claims she underwent nerve and facet joint blocks and was recommended for possible ablation or arthroplasty of the cervical spine.  Clearly, claimed spine and shoulder injuries resulting from Plaintiff allegedly being "struck by the automated doors" is a significant injury for which significant damages in excess of $75,000 are more likely than not to be sought.

Plaintiff further alleges that she suffered "pain and suffering, disability, disfigurement, permanent and significant scaring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of previous existing conditions." Plaintiff herself describes these losses as "permanent or continuing" and avers that she will continue to endure losses in the future.  See Complaint at ¶ 10.

In other cases, federal courts have found that less serious allegations than those present here, where Plaintiff alleges at least ten distinct categories of damages, satisfy the amount in controversy requirement. See, e.g., Andrews v. E.I. Du Pont De Nemours & Co., 447 F.3d 510, 515 (7th Cir. 2006) (finding the jurisdictional amount requirement met where plaintiff alleged severe and

permanent injuries, pain and suffering, and medical expenses); <u>Gebbia v. Wal-Mart Stores</u>, 233 F.3d 880, 888 (5th Cir. 2000) (holding that alleged damages in a slip-and-fall case for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" met the jurisdictional amount); <u>Carleton v. CRC Indus., Inc.</u>, 49 F. Supp. 2d 961, 962 (S.D. Tex. 1999) (stating that it is "undeniably facially apparent" that the jurisdictional amount is met where plaintiff alleged he contracted leukemia from defendant's chemicals); <u>Quinn v. Kimble</u>, 228 F. Supp. 2d 1038 (E.D. Mo. 2002) (holding the amount in controversy requirement satisfied where plaintiff sought compensation for past and future medical expenses, lost wages, and damages for loss of enjoyment of life).

Therefore, this Court should "look to the notice of removal to make an independent evaluation of the monetary value of the claims asserted." <u>Shear Healthcare Res., Inc. v. TNI, Inc.</u>, 1994 WL 383936 at *3 (M.D. Fla. 1994).  In so doing, it is readily apparent by a preponderance of the evidence that the amount in controversy requirement is satisfied by the allegations contained within Plaintiff's Complaint.

"(D)istrict courts must make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleading to determine whether it is

facially apparent that a case is removable." Black v State Farm Mut. Auto Ins. Co., 2010 WL 4340281 (S.D.Fla. Oct. 22, 2010).

In addition to the foregoing, Plaintiff provided a pre-suit demand letter to this Defendant. While Plaintiff's demand may not necessarily wholly satisfy this Defendant's burden of proof on the amount in controversy issue, it may certainly be considered by this Court. See Zabala v. Geovera Specialty Ins. Co., 2010 WL 4680851, at *2 (M.D. Fla. Nov. 10, 2010) (noting that plaintiff's pre-suit demand supported the amount-in controversy requirement); Pope v. 20/20 Communications, Inc., 2015 WL 5165223 at *2 (M.D. Fla. Sept. 2, 20215); see also AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc., 268 Fed. Appx. 864, 866 (11th Cir. 2008) (considering a pre-suit demand letter to analyze the amount in controversy).

Within the demand letter, Plaintiff contends that "Dr. Dumbadse has opined that Ms. Gautier has suffered significant permanent injuries as a result of the June 2, 2020, motor vehicle accident." See **Exhibit "A"** at 2. The letter continued that "Ms. Gautier was assigned an impairment rating of 8% according to the AMA Guides to the Evaluation of Permanent Impairment." Id. at 2. Additionally, "Dr. Dumbadse further concluded that Ms. Gautier would likely require future medical care to address periodic pain and further exacerbations." Id. Significantly, Ms. Gautier claims to have accrued over $35,000 in medical expenses as of October 6,

2020, over one year ago. Id. at 1-2. She allegedly accrued these expenses in a matter of only about four months of treatment.

Given Plaintiff's alleged "permanent injuries" and "future medical care," related to claimed injuries to her cervical spine and right shoulder, taken together with the allegations within the Complaint of at least ten distinct categories of damages, a "reasonable inference", as this Court is permitted to make as discussed above, is that the amount of medical expenses at issue have increased substantially since Plaintiff's demand on October 6, 2020, and sufficiently to meet the amount in controversy requirement. Furthermore and notably, Plaintiff's demand concludes that "a reasonable settlement value for Ms. Gautier's claim for bodily injuries, impairments, damages, and losses **is well in excess** of $350,000." Id. at 3. Thus, Plaintiff's demand is far in excess of the jurisdictional amount, thereby supporting that the amount in controversy requirements have been met.

Finally, the undersigned has propounded initial discovery to Plaintiff consisting of Requests for Production, Interrogatories, and Requests for Admission on February 17, 2022. Each of these sought more information on Plaintiff's injuries, and the Requests for Admission explicitly asked that Plaintiff admit that the amount if controversy exceeds $75,000. Accordingly, Plaintiff's responses to same are due on March 21, 2022. Accordingly, this Defendant was required to file this Notice of Removal before having Plaintiff's answers to initial

discovery, since the deadline for this Notice is February 27, 2022 (30 days from service of the Complaint on BJ's).

Consequently, this Court should look to the face of the Complaint and "the notice of removal to make an independent evaluation of the monetary value of the claims asserted", and find that this case clearly meets both the diversity and amount in controversy requirements for diversity jurisdiction.  <u>Shear Healthcare Res., Inc. v. TNI, Inc.</u>, 1994 WL 383936 at *3 (M.D. Fla. 1994).

### III.    CONCLUSION

WHEREFORE, upon consideration of the foregoing, Notice is hereby given that Defendant, BJ'S WHOLESALE CLUB, INC., removes this case from the Circuit Court of the Eighteenth Judicial Circuit in and for and Seminole County, Florida to the United States District Court for the Middle District of Florida, Orlando Division.

Respectfully submitted this 25th day of February, 2022.

<u>/s/ Patrick L. Mixson</u>
Patrick L. Mixson, Esquire
Florida Bar No. 84500
WICKER SMITH O'HARA McCOY & FORD, P.A.
Attorneys for BJ's Wholesale Club, Inc.
390 N. Orange Ave., Suite 1000
Orlando, FL 32801
Phone: (407) 843-3939
Fax: (407) 649-8118
ORLcrtpleadings@wickersmith.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on February 25, 2022 and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Patrick L. Mixson*
Patrick L. Mixson

## SERVICE LIST

Tyler Swift, Esquire
Dan Newlin & Partners
7335 W. Sand Lake Road, Suite 300
Orlando, FL 32819
tyler.swift@newlinlaw.com, swiftpleadings@newlinlaw.com